















MNA    9/24/03    8:53

3:03-CV-01904   SINGLETARY V. OCEAN BEACH GRILL

*1*

*CMP.*

**PINNOCK & WAKEFIELD**
Theodore A. Pinnock, Esq.      Bar #: 153434
David C. Wakefield, Esq.       Bar #: 185736
Michelle L. Wakefield, Esq.    Bar #: 200424
3033 Fifth Ave. Suite 410
Telephone: (619) 858-3671
Facsimile: (619) 858-3646

Attorneys for Plaintiffs

FILED

03 SEP 23 AM 10: 07

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES SUING ON BEHALF OF DAVID SINGLETARY AND ITS MEMBERS; and DAVID SINGLETARY, An Individual,<br><br>              Plaintiffs,<br><br>   v.<br><br>OCEAN BEACH GRILL; KEVIN COLE; J & J PROPERTIES A LLC; And **DOES 1 THROUGH 10**, Inclusive<br><br>              Defendants. | Case No'**03 CV 1904W** **NLS**<br><br>CIVIL COMPLAINT:<br>DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS<br>[42 U.S.C. 12182(a) ET. SEQ; CIVIL CODE 51, 52, 54, 54.1; HEALTH & SAFETY CODE 19995; BUSINESS & PROFESSIONS CODE 17200 et. seq.]<br><br>NEGLIGENCE: PERSONAL INJURY<br>[CIVIL CODE 1714(a), 2338, 3333, 3294; EVIDENCE CODE 669(a)]<br><br>DEMAND FOR JURY TRIAL<br>[F.R.Civ.P. rule 38(b); L.R. 38.1 |

## INTRODUCTION

Plaintiffs ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES SUING ON BEHALF OF DAVID SINGLETARY AND ITS MEMBERS and DAVID SINGLETARY, An Individual, herein complain, by filing this Civil Complaint in accordance with rule 8 of the Federal Rules of Civil Procedure in the Judicial District



1

of the United States District Court of the SOUTHERN District of California, that Defendants have in the past, and presently are, engaging in discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiffs allege this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates the Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts.  Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights civil action, the public accommodations do not remove the access barriers.  Therefore, Plaintiffs make the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1.    The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the SOUTHERN District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiffs' claims arose within the Judicial District of the United States District Court of the SOUTHERN District of California.

## SUPPLEMENTAL JURISDICTION

2

2.    The Judicial District of the United States District Court of the SOUTHERN District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff's Member and Plaintiff DAVID SINGLETARY was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when he attempted to enter, use, and/or exit Defendants' facilities as described within paragraphs 6 through 26 of this Complaint.  Further, due to this denial of full and equal access Plaintiff's Member and Plaintiff DAVID SINGLETARY and other minorities with disabilities were injured.  Based upon the said allegations the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFFS

3.    Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendant OCEAN BEACH GRILL is located at 1956 Bacon Street Ocean Beach, California. Plaintiffs are informed and believe and thereon allege that Defendant KEVIN COLE is the owner, operator, and/or

lessor of the OCEAN BEACH GRILL. Plaintiffs are informed and believe and thereon allege that Defendant KEVIN COLE, is located at 1956 Bacon Street, SAN DIEGO, CA 92107. Defendant J & J PROPERTIES A LLC, is the owner, operator, and/or lessor of the property located at 1956 Bacon Street Ocean Beach, California, Assessor Parcel Number 448-091-23-00. Defendant J & J PROPERTIES A LLC., and registered agent DEAN BURNI are located are 6214 LAKE APOPKA PLACE , SAN DIEGO, CA 92119. The words "Plaintiffs" and "Plaintiff" as used herein specifically include the ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES, ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES SUING ON BEHALF OF DAVID SINGLETARY, its Members, DAVID SINGLETARY, and persons associated with its Members who accompanied Members to Defendants' facilities.  The words "Plaintiff's Member" and "Plaintiff's Member" as used herein specifically include ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES SUING ON BEHALF OF DAVID SINGLETARY, its Members, DAVID SINGLETARY, and persons associated with its Members who accompanied Members to Defendants' facilities.

4.    Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of OCEAN BEACH GRILL; KEVIN COLE; J & J PROPERTIES A LLC. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiffs will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

5.    Plaintiffs are informed and believe, and thereon allege,

that Defendants and each of them herein were, at all times relevant to the action, the owner, franchisee, lessee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiffs are further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

### CONCISE SET OF FACTS

6.    ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES was formed to advocate for the civil rights of minorities with disabilities; a substantial population with neither an advocate nor voice in the disability movement.  It is well documented by the federal government and others that the promises and opportunities afforded by the Americans with Disabilities Act are not reaching minorities with disabilities. Further, there is abundance of evidence to show, despite the federal government's unprecedented and aggressive ADA awareness and technical assistance drive, businesses in the minority communities are not complying with the ADA. For example, the National Council on Disability reported in 1993 that minorities with disabilities face double discrimination; they are poorer; they have fewer opportunities than others.  Also, the fastest growing segment of the disability population is from minority communities because those communities are growing faster than the Anglo communities, and because persons from minority communities have a higher risk of disability.  In fact, studies show the rate

of disability for Whites is 7%, for African-American 13%, and for Hispanics 9%. Moreover, from 1983 to 1994 the disability non-White population increased by 50.4% whereas the disability White population only increased 11.3%. Even more intriguing is the non-White 18 years older and under population rate of disability increased by 86.6%. Further, evidence suggests minorities with disabilities tend to live with their families in conditions of poverty (61%), and they tend not to advocate for their civil rights.

7.    Hence, Members of ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES specifically intend to zealously advocate for minorities with disabilities and desire equal access to businesses within their community; and these are the reasons Plaintiffs filed this action.

8.    Plaintiff's Member and Plaintiff DAVID SINGLETARY has a physical impairment and due to this impairment he has learned to successfully operate a wheelchair.

9.    On May 2, 2003 Plaintiff's Member and Plaintiff DAVID SINGLETARY went to Defendants' OCEAN BEACH GRILL, facilities to utilize the facilities.  Further, he had difficulty using the path of travel, entrance, counter, and restroom facilities within the business because they failed to comply with ADAAG and/or California's Title 24 Building Code Requirements.

10.   Defendants failed to remove obstructions in the path of travel, entrance, counter, and restroom facilities in Defendants' establishment. Plaintiff's Member and Plaintiff DAVID SINGLETARY personally experienced difficulty with said access barriers.

For example, This facility has a total of 13 parking spaces with no disabled parking space. The parking facility should have 1 compliant "van accessible" disabled parking space. There is 1 entryway into the parking lot but no signage at the entryway warning motorists that anyone illegally parking in a disabled parking space would be towed/fined or both.

11.   The path of travel from the parking lot to the primary accessible entrance is  not "marked" and could cause disabled patrons to be in harms way if they share a   "path of travel" with automobiles and larger vehicles. The height of the threshold at the front entrance door Is 1". Changes in levels between a ¼" to ½" are required to have a bevel of up to 2/1. Changes greater than ½" must be ramped. The slope of a ramp cannot exceed 8.33%. A ramp with a slope of 5%-8.33% is required to have handrails. The slope of the ramp at the front entrance door is up to 12%. The slope of a ramp cannot exceed 8.33%. A ramp with a slope of 5%-8.3% is required to have handrails. The front entrance door does not have a level landing. This entrance should have a 5'X5' of flat surface in front of every entrance door. The signage on the front entrance door does not show the "required" international symbol of accessibility. The height of the cashier counter/bar is 42 inches (42"). This height should be no more than 34" high or have a 3-foot section that is 34 inches (34").

12.   The clear opening width of the restroom door is only 23 inches (23"). This width should be at least 32 inches (32"). There is no audible visual alarm system; this is a requirement.

The toilet paper dispenser is located 15 inches (15") from the

front edge of the commode. This should be no more than 12 inches (12") from the front edge of the commode. The height of the paper towel dispenser is 47 inches (47"). This height should be no more than 40 inches (40"). The restroom door does not have a kick plate. There should be a 10-inch (10') high abrasion resistance plate affixed to the bottom portion of the door to prevent a trap condition and protect its surface. The height of the urinal is 20 inches (20"). This height should be no more than 17 inches (17"). The distance from the front edge of the commode to the front wall is only 31 inches (31"). This should be at least 48 inches (48"). The hot water and the drainpipes under the lavatory are exposed. These should be covered and insulated. The round lavatory faucet handles are not compliant. These should have ones that do not require grasping or twisting by the wrist. The wheelchair turn-a-round space inside the restroom is only 30 inches (30") by 30 inches (30"). This space should be at least 60 inches (60") in diameter. The clear opening width of the stall door is only 23 inches (23"). This width should be at least 32 inches (32").

13.   The height of the commode is only 15 inches (15"). This height should be between 17"-19" high. The distance from the side edge of the commode to the far wall is only 7 inches (7"). This distance should be 32 inches (32") minimum. The locking mechanism on the stall door is not compliant. This mechanism should not require grasping or twisting by the wrist. The height of the coat hook is 65 inches (65"). This height should be no more than 48 inches (48"). The stall door does not have a self-closing mechanism. The stall does not have handles on each side of the door. The commode

seat cover dispenser is blocked by the commode and mounted at a height of 53 inches (53"). This height should be at a clear space with no more than 40 inches (40"). The signage on the restroom door does not have the "required" 12" triangular and 12" round configuration. The height of the bottom of the mirror is 45 inches (45"). This height should be no more than 40 inches (40") high. There are no grab bars around the commode. There should be 2 compliant grab bars. Side grab bars should be a minimum of 42" long and extend a minimum of 24" beyond the front of the commode and rear grab bars should be a minimum of 36" long and is attached a maximum of 6" from the corner of the wall on the toilet seat.

14.    Based on these facts, Plaintiffs allege Plaintiff's Member and Plaintiff DAVID SINGLETARY was discriminated against each time he patronized Defendants' establishments. Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.

15.    Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act and the Civil Code before January 26, 1992.

16.    Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

17.    Plaintiffs believes and herein allege Defendants' facilities have access violations not directly experienced by Plaintiff's Member and Plaintiff DAVID SINGLETARY which preclude or limit access by others with disabilities, including, but not limited to,

9

Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

18.    Accordingly, Plaintiffs allege Defendants are required to remove all architectural barriers, known or unknown.

19.    Also, Plaintiffs allege Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

20.    Plaintiff's Member and Plaintiff DAVID SINGLETARY was extremely upset due to Defendants' conduct.

22.    Plaintiff's Member and Plaintiff DAVID SINGLETARY desires to return to the Defendants' facilities.

**WHAT CLAIMS ARE PLAINTIFFS ALLEGING AGAINST EACH NAMED DEFENDANT**

23.    OCEAN BEACH GRILL is the commercial tenant of the subject property.

24.    J & J PROPERTIES A LLC, is the commercial landlord of the subject property.

25.    Plaintiffs aver that the Defendants are liable for the following claims as alleged below:

**DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS**

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-   **Claims Under The**

**Americans With Disabilities Act Of 1990**

CLAIM I: **Denial Of Full And Equal Access**

26.    Based on the facts plead at ¶¶ 6-13 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DAVID SINGLETARY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations. Plaintiffs allege Defendants are a public accommodation owned, leased and/or operated by Defendants.

27.    Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).

28.    Thus, Plaintiff's Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiffs were denied equal access to Defendants' existing facilities.

29.    Plaintiff's Member and Plaintiff DAVID SINGLETARY has physical impairments as alleged in ¶ 8 above because his conditions affect one or more of the following body systems: neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, his said physical impairments substantially limits one or more of the following major life activities:  walking.

30.    In addition, Plaintiff's Member and Plaintiff DAVID SINGLETARY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff's Member and Plaintiff DAVID SINGLETARY has a history of or has been classified as having a

physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II: **Failure To Remove Architectural Barriers**

31.    Based on the facts plead at ¶¶ 6-13 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DAVID SINGLETARY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a).  Plaintiffs are informed and believe, and thus allege that architectural barriers which are structural in nature exist at the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

32.    Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination.   [See 42 United States Code 12182(b)(2)(A)(iv).]   Thus, Plaintiff's Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of 42

United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because said Member and Plaintiff DAVID SINGLETARY was denied equal access to Defendants' existing facilities.

CLAIM III: **Failure To Modify Practices, Policies And Procedures**

33.    Based on the facts plead at ¶¶ 6-13 above and elsewhere in this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff's Member and Plaintiff DAVID SINGLETARY and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).

34.    Thus, said Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because said Member and Plaintiff DAVID SINGLETARY was denied equal access to Defendants' existing facilities.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

35.    Based on the facts plead at ¶¶ 6-13 above and elsewhere in this complaint, Plaintiff's Member and Plaintiff DAVID SINGLETARY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities due to

violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

36.    These violations denied Plaintiff's Member and Plaintiff DAVID SINGLETARY full and equal access to Defendants' facility. Thus, said Member and Plaintiff DAVID SINGLETARY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiffs were denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

37.    Based on the facts plead at ¶¶ 6-13 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff's Member and Plaintiff DAVID SINGLETARY and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.  Thus, said Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

38.    Based on the facts plead at ¶¶ 6-13 above and elsewhere herein this complaint and because Defendants violated the Civil

14

Code § 51 by failing to comply with 42 United States Code 12182(b)(2)(A)(iv), Defendants did and continue to discriminate against Plaintiff's Member and Plaintiff DAVID SINGLETARY and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

## Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

39. Defendants, each of them, at times prior to and including during the month of May, 2003, respectively, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility. Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff's Member and Plaintiff DAVID SINGLETARY and other similarly situated persons with disabilities. Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove. Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make the subject OCEAN BEACH GRILL, facilities accessible pursuant to the Americans With Disability Act Access Guidelines (ADAAG) and Title 24 of the California Code of Regulations (also known as the California Building Code). Such actions and continuing course of conduct by Defendants, and each

15

of them, evidence despicable conduct in conscious disregard of the rights and/or safety of Plaintiff's Member and Plaintiff DAVID SINGLETARY and of other similarly situated persons, justifying an award of treble damages pursuant to sections 52(a) and 54.3(a) of the California Civil Code.

40.   Defendants', and each of their, actions have also been oppressive to persons with physical disabilities and of other members of the public, and have evidenced actual or implied malicious intent toward those members of the public, such as Plaintiffs and other persons with physical disabilities who have been denied the proper access to which they are entitled by law. Further, Defendants', and each of their, refusals on a day-to-day basis to correct these problems evidence despicable conduct in conscious disregard for the rights of Plaintiff's Member and Plaintiff DAVID SINGLETARY and other members of the public with physical disabilities.

41.   Plaintiffs pray for an award of treble damages against Defendants, and each of them, pursuant to California Civil Code sections 52(a) and 54.3(a), in an amount sufficient to make a more profound example of Defendants and encourage owners and operators of other public facilities from willful disregard of the rights of persons with disabilities.  Plaintiffs do not know the financial worth of Defendants, or the amount of treble damages sufficient to accomplish the public purposes of section 52(a) of the California Civil Code and section 54.3 of the California Civil Code.

42.   Wherefore, Plaintiffs pray for damages and relief as hereinafter stated.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS - **Violation of**
**Business and Professions Code section 17200 et seq.**

43.   Plaintiffs incorporate by reference herein the facts plead
at ¶¶ 6 - 13 above and elsewhere in this complaint.

44.   Defendants failed to remove obstructions in the path of
travel, entrance, counter, and restroom of Defendants' OCEAN BEACH
GRILL, establishments.   Pursuant to federal law, Defendants are
required to remove barriers to their existing facilities.   Title
III of the Americans With Disabilities Act requires places of
public accommodation to remove architectural barriers that are
structural in nature to existing facilities. [42 United States
Code 12182(b)(2)(A)(iv).]   Failure to remove such barriers and
disparate treatment against a person who has a known association
with a person with a disability are forms of discrimination.   [See
42 United States Code 12182(b)(2)(A)(iv).]   Thus, Plaintiff's
Member and Plaintiff DAVID SINGLETARY was subjected to
discrimination in violation of 42 United States Code
12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because said Member and
Plaintiff DAVID SINGLETARY was denied equal access to Defendants'
existing facilities. Also, Defendants' facilities failed to
provide full and equal access to Defendants' facility as required
by 42 U.S.C. § 12182(a).   Thus, Plaintiff's Member and Plaintiff
DAVID SINGLETARY was subjected to discrimination in violation of
42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188
because Plaintiff's Member and Plaintiff DAVID SINGLETARY was
denied equal access to Defendants' existing facilities.
Additionally, as a result of said access barriers, Defendants

failed and refused to provide a reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff's Member and Plaintiff DAVID SINGLETARY and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a).  Thus, said Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because said Member and Plaintiff DAVID SINGLETARY was denied equal access to Defendants' existing facilities.

45.   Pursuant to state law, Defendants are also required to remove barriers to their existing facilities. These violations denied Plaintiff's Member and Plaintiff DAVID SINGLETARY full and equal access to Defendants' facilities.  Thus, said Member and Plaintiff DAVID SINGLETARY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff's Member and Plaintiff DAVID SINGLETARY was denied full, equal and safe access to Defendants' facility.  Further, Defendants' facility, and other goods, services, and/or facilities provided to the public by Defendants are not accessible to and usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers on and after AB 1077 went into effect.  Additionally, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff's Member and Plaintiff

DAVID SINGLETARY and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1. Thus, said Member and Plaintiff DAVID SINGLETARY was subjected to discrimination in violation of Civil Code § 54.1.  Also, under the Unruh Act, Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code 12182(b)(2)(A)(iv), Defendants did and continue to discriminate against Plaintiff's Member and Plaintiff DAVID SINGLETARY and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1. Further, Defendants had actual knowledge of their barrier removal duties under the Americans with Disabilities Act, the California Civil Code, and the California Health & Safety Code before January 26, 1992.

46.  Business and Professions Code section 17200 defines "unfair competition" and prohibited activities as, ". . . **any unlawful, unfair or fraudulent business act or practice** and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."  (emphasis added). Defendants' acts and omissions alleged herein are violations of the above-enumerated federal and state statutory requirements and public policy and therefore constitute unfair competition and/or prohibited activities as such violations are *unlawful, unfair or fraudulent business acts or practices*.  Defendants' alleged unlawful, unfair, or fraudulent business acts or practices are specifically prohibited by the specific introductory language of B&P section 17200 that is stated in the conjunctive. Consequently, Plaintiffs allege that Defendants' acts and

19

omissions constitute a violation specifically of this section 17200 of the Business and Professions Code.

47.   Plaintiffs seek injunctive relief requiring Defendants to remedy the disabled access violations present at the Defendants' facilities.  Ancillary to this injunctive relief, Plaintiffs also request restitution for amounts paid by Plaintiff's Member and Plaintiff DAVID SINGLETARY who attempted to visit and patronize Defendants' facilities during the time period that the subject premises have been in violation of the disabled access laws of the State of California.

48.   Plaintiffs seek, on behalf of the general public, injunctive relief requiring Defendants to comply with the disabled access laws of the State of California at facilities throughout the State of California built, owned, operated, and/or controlled by Defendants.

49.   WHEREFORE, Plaintiffs pray for judgment as hereinafter set forth.

FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Negligence**

50.   Based on the facts plead at ¶¶ 6-13 above and elsewhere in this complaint, Defendants owed Plaintiff's Member and Plaintiff DAVID SINGLETARY a statutory duty to make their facility accessible and owed Plaintiff's Member and Plaintiff DAVID SINGLETARY a duty to keep Plaintiff's Member and Plaintiff DAVID SINGLETARY reasonably safe from known dangers and risks of harm. This said duty arises by virtue of legal duties proscribed by various federal and state statutes including, but not limited to, ADA, ADAAG, Civil Code 51, 52, 54, 54.1 and Title 24 of the

California Administrative Code and applicable 1982 Uniform Building Code standards as amended.

51.   Title III of the ADA mandates removal of architectural barriers and prohibits disability discrimination.  As well, Defendants' facility, and other goods, services, and/or facilities provided to the public by Defendants are not accessible to and usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers on and after AB 1077 went into effect.

52.   Therefore, Defendants engaged in discriminatory conduct in that they failed to comply with known duties under the ADA, ADAAG, Civil Code 51, 52, 54, 54.1, ADAAG, and Title 24, and knew or should have known that their acts of nonfeasance would cause Plaintiff's Member and Plaintiff DAVID SINGLETARY emotional, bodily and personal injury.  Plaintiffs further allege that such conduct was done in reckless disregard of the probability of said conduct causing Plaintiff's Member and Plaintiff DAVID SINGLETARY to suffer bodily or personal injury in the form of **a strained back and legs**, anger, embarrassment, depression, anxiety, mortification, humiliation and distress. Plaintiffs allege that such conduct caused Plaintiffs' Member and Plaintiff to suffer the injuries of mental and emotional distress, including, but not limited to, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury.  Plaintiffs additionally allege that such conduct caused Plaintiff's Member and Plaintiff DAVID SINGLETARY to suffer

damages as a result of these injuries.

DEMAND FOR JUDGMENT FOR RELIEF:

A.     For general damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, and 3333;

B.     For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.     In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

D.     For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55.  Plaintiffs request this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

E.     For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C.

§ 12205, and Cal. Civil Code § 55;

F.      For treble damages pursuant to Cal. Civil Code §§  52(a),

and 54.3(a);

G.      For Restitution pursuant to Business and Professions section

17200;

H.      A Jury Trial and;

I.      For such other further relief as the court deems proper.

Respectfully submitted:

                                  PINNOCK & WAKEFIELD

Dated: September 20, 2003

                            By: _____
                                  THEODORE A. PINNOCK, ESQ.
                                  DAVID C. WAKEFIELD, ESQ.
                                  MICHELLE L. WAKEFIELD, ESQ.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

ORGANIZATION FOR THE ADVANCEMENT OF MINORITIES WITH DISABILITIES SUING ON BEHALF OF DAVID SINGLETARY AND ITS MEMBERS; and DAVID SINGLETARY, An Individual

**DEFENDANTS:**

OCEAN BEACH GRILL; KEVIN COLE; J & J PROPERTIES A LLC; And DOES 1 THROUGH 10, Inclusive

FILED
03 SEP 23 AM 10: 07
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT San Diego, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
David C. Wakefield, Esq.     SBN: 185736
Michelle L. Wakefield, Esq.   SBN 200424
Theodore A. Pinnock, Esq.    SBN 153434
Pinnock & Wakefield; 3033 Fifth Avenue, Suite 410
San Diego, California 92103
Telephone: (619)858-3671; Facsimile: (619)858-3646

ATTORNEYS (IF KNOWN)

**'03 CV 1904 W     NLS**

**II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question
   (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX**
(For Diversity Cases Only)     **FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | Medical Malpractice | ☐ 625 Drug Related Seizure | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - | Of Property 21 USC 881 | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 720 Labor/Mgmt Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ Security Act | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $   TO BE DETERMINED AT TRIAL

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE _____   Docket Number _____

DATE   Sept 22, 2003          SIGNATURE OF ATTORNEY OF RECORD

CB 7150 97428 09/23/03

